UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HORIZON BANK,
     Plaintiff,

v.                                        Case No. 8:10-cv-1977-T-24-EAJ

ST. PAUL MERCURY INSURANCE
COMPANY,

     Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff Horizon Bank's Motion to Substitute

Federal Deposit Insurance Corporation ("FDIC") as Receiver for Horizon Bank and to Stay

Proceedings.  (Doc. No. 7).  Defendant St. Paul Mercury Insurance Company does not oppose

this motion.  (Doc. No. 7 ¶5).

Plaintiff first requests this Court to enter an order substituting the FDIC as Plaintiff.  On

September 7, 2010, Defendant removed this case to this Court.  (Doc. No. 1).  Three days later,

the Florida Office of Financial Regulation filed an Emergency Petition declaring Horizon Bank

imminently insolvent under Florida Statute § 655.005 and requesting the FDIC be appointed as

receiver for Horizon Bank pursuant to Florida Statute § 658.81 .  (Doc. No. 7 Ex. A).  On

September 10, 2010, the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County,

Florida entered an Order Confirming Appointment of the FDIC as Receiver of Horizon Bank.

Id.  The FDIC accepted its appointment as Receiver for Horizon Bank.  Id.

As Receiver for Horizon Bank, the FDIC succeeds to all the powers and privileges of

Horizon Bank.  Fla. Stat. § 658.80(2).  Rule 25(c) of the Federal Rules of Civil Procedure

permits a party to be substituted for the original party to a proceeding if an interest has been

transferred from the original party to the substituted party.  Upon the circuit court's order

appointing the FDIC as Receiver, Horizon Bank transferred its interest to the FDIC.  Therefore,

the Court grants Plaintiff's request and substitutes the FDIC as Receiver for Horizon Bank as

Plaintiff.

Plaintiff also requests that the Court enter an order staying all proceedings in this case.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA")

provides that "[a]fter appointment of a . . . receiver for an insured depository institution . . . [the]

receiver may request a stay for a period not to exceed . . . 90 days."  12 U.S.C. § 1821(d)(12)(A).

FIRREA also provides that a granting of the stay is mandatory.  12 U.S.C. § 1821(d)(12)(B).

Therefore, the Court grants Plaintiff's second request and will stay this matter for a period of

ninety calendar days.

Upon consideration, it is ORDERED AND ADJUDGED that:

(1)     The FDIC as Receiver for Horizon Bank is **SUBSTITUTED** as Plaintiff

to this action pursuant to Rule 25(c) of the Federal Rules of Civil

Procedure.  The Clerk is directed to terminate Horizon Bank from the

docket sheet, as it is no longer the Plaintiff in this case.

(2)     This matter is hereby **STAYED** for a period of ninety calendar days from

the date of this order;

(3)     The Clerk is instructed to **ADMINISTRATIVELY CLOSE** this case;

(4)     On December 23, 2010, the expiration date of the ninety-day period set

forth above, Plaintiff shall file a status report with the Court detailing the

status of this case; and

(5)     At any time prior to December 23, 2010, any party may move to return

this case to active status.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of September, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Courtroom Deputy
Counsel of Record